UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DALE GILMORE,

                Plaintiff,

    v.                                                9:17-CV-1349 (DNH/TWD)

SCHENECTADY COUNTY
SHERIFFS, SMITH, Badge
#287, SERGEANT GUIDO,
SERGEANT GANGUREM,
SERGEANT CELLINO, and
CAPTAIN DEAN,

                Defendants.

---

APPEARANCES:

DALE GILMORE
Plaintiff, pro se
53017
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

      Pro se plaintiff Dale Gilmore ("Gilmore" or "plaintiff") filed this complaint asserting claims arising out of his confinement in the custody of Schenectady County. Dkt. No. 1 ("Compl.").[1] Although plaintiff initially commenced this action in the United States District Court for the Eastern District of New York, it was transferred to this District by Order of

---

[1] On January 4, 2018, plaintiff commenced a second civil rights action in this District. *Gilmore v. State of New York*, No. 9:18-CV-0013 (GLS/ATB) (N.D.N.Y. Jan. 4, 2018).

Eastern District Judge Pamela K. Chen. Dkt. No. 7. Plaintiff has not paid the filing fee for this action and seeks leave to proceed in forma pauperis. Dkt. No. 10 ("IFP Application"). In addition, plaintiff has filed motions seeking appointment of counsel and preliminary injunctive relief. Dkt. Nos. 5, 6.

## II. IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[2] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Gilmore's IFP Application, he has demonstrated sufficient economic need. Plaintiff has also filed the inmate authorization required in the Northern District of New York. *See* Dkt. No. 11. Accordingly, plaintiff's IFP Application is granted.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Governing Standard

Having found that Gilmore meets the financial criteria for commencing this action in forma pauperis, and because he seeks relief from a governmental entity and from

---

[2] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Based upon a review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

governmental officials and employees, the sufficiency of the allegations set forth in his complaint must be considered in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Similarly, Section 1915A directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine whether plaintiff may properly proceed with this action.

A court should not dismiss a complaint if the plaintiff has alleged "enough facts to

3

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Summary of the Complaint

The following facts are set forth as alleged in the complaint. During his confinement at Schenectady County Jail, Gilmore has been denied timely access to requested legal materials and supplies, and his legal mail has been interfered with and denied. *See* Compl. at 4, 6-8. These legal resources and materials were requested in connection with plaintiff's preparation of his criminal defense. *Id.* As plaintiff explains, he proceeded with his defense pro se. *Id.*

During the period May through July 2017, C.O. Smith "continually denied [Gilmore] access to notary." Compl. at 7. Officer "Doe" denied plaintiff "free legal mail" and refused to

4

send mail directed to the "Attorney General." *Id*.³ Sgt. Guido (identified as the "law clerk Sgt."), denied plaintiff access to requested legal materials. *Id*. "I was told no to access to the courts law library, law books." *Id*. Plaintiff's requests for free paper and envelopes for legal mailings were denied by Sgt. Gangurem, notwithstanding plaintiff's indigency. *Id*. Plaintiff's request to Capt. Dean that he be housed closer to the law library was ignored. *Id*. The "Schenectady County Sheriff's" collaborated with the district attorneys to hinder plaintiff's criminal defense by denying him access to the courts. *Id*. at 4.

Gilmore was convicted on September 6, 2017. Compl. at 6. On November 20, 2017, plaintiff told Sgt. Guido, Sgt. Gangurem, and Sgt. Cellino that he needed "paper, notary, copies and time with the law library" in order to prepare for his sentencing. *Id*. Plaintiff's requests were denied; he was told to file a grievance, which he did. *Id*. at 6, 8.

Liberally construed, Gilmore claims that he was (1) denied access to the courts and (2) maliciously prosecuted in violation of his constitutional rights. Plaintiff seeks an award of money damages as well as declaratory and injunctive relief. *Id*. at 3, 5. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

C. **Analysis**

Section 1983 of Title 42 of the United States Code ("Section 1983") establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498,

---

³ Although Officer "Doe" is not listed in the caption of the complaint, he is included in the listing of defendants provided on page 8. *See* Compl. at 8. The Clerk is directed to add "Officer "Doe"" to the docket as a defendant.

5

508 (1990) (quoting Section 1983).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

### 1. Access to the Courts

"Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts.'"  *Bourdon v. Loughren,* 386 F.3d 88, 92 (2d Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).  This fundamental right requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds*, 430 U.S. at 828.

"The right of access to the courts requires that prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement . . . not be impeded from presenting those defenses and claims for formal adjudication by a court."  *Bourdon*, 386 F.3d at 96.  Inmate access to the court must be "adequate, effective, and meaningful."  *Bounds*, 430 U.S. at 822.

An inmate alleging a denial of access to courts must show "actual injury" as a result of the deficient access to the courts; that is, that he was "hindered [in] his efforts to pursue a legal claim."  *Lewis v. Casey*, 518 U.S. 343, 351 (1995).  The *Lewis* Court explained that an inmate cannot demonstrate an actual injury "simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense."  *Id*. at 351.[4]

---

[4] Additionally, a law library is only one way for inmates to be provided with access to the courts.  *See Bounds*, 430 U.S. at 830-31.  Thus, if an inmate is afforded counsel there is no constitutional requirement that he also be afforded access to law books.  *Id*.; *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) ("we confirm that the appointment of counsel can be a valid means of satisfying a prisoner's right of access to the courts.").  As noted, plaintiff states that he proceeded with his criminal defense pro se.

6

"Prison officials may only be held liable for such injury if they frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim." *Konigsberg v. Lefevre*, 267 F. Supp. 2d 255, 261 (N.D.N.Y. 2003).

At this early stage of the proceedings and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,191 (2d Cir. 2008), Gilmore's First Amendment access to the courts claims against Officer Smith, Officer "Doe," Sgt. Guido, Sgt. Gangurem, Sgt. Cellino, and Capt. Dean survive sua sponte review and require a response.[5]

## 2. Malicious Prosecution

However, Gilmore's malicious prosecution claims are insufficient to survive initial review. To make out a federal claim of malicious prosecution cognizable under Section 1983, "a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Willey v. Kirkpatrick*, 801 F.3d 51, 70 (2d Cir. 2015) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)).

"To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Manganiello*, 612 F.3d at 161 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

---

[5] Plaintiff is advised that the U.S. Marshals Service can not effect service of a summons and complaint on an individual who has not been identified by name. Plaintiff is therefore directed to take reasonable steps through discovery to ascertain the name of Officer "Doe." If plaintiff fails to ascertain this defendant's name so as to permit the timely amendment of the complaint and service of process on this individual, this action will be dismissed as against Officer "Doe."

7

Here, because Gilmore states that he was convicted of criminal charges against him there is no basis in the record upon which to conclude, inter alia, that the proceeding terminated in his favor. As a result, this claim is dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 3. **Other Matters**

Finally, it is noted that "Schenectady County Sheriff's" is listed as a defendant in the caption of the complaint. Compl. at 1. While it is not entirely clear whether Gilmore intended this as a collective reference to the individual defendants or whether he seeks to assert claims against the Sheriff's Department, the Schenectady Sheriff's Department is not a proper defendant.

It is well-settled that municipal departments and offices which have no separate legal identity and cannot sue or be sued are not "persons" under Section 1983. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (affirming the district court's dismissal of claims against the NYPD as a non-suable entity); *Sanchez-Martin v. Allegany Cnty. Jail*, No. 11-CV-0568, 2012 WL 360014, at *2 (W.D.N.Y. Feb. 1, 2012) (county correctional facilities do not have legal identities separate and apart from the counties and are not subject to suit under Section 1983); *Ceparano v. Suffolk County*, No. 10-CV-2030, 2010 WL 5437212, at *6 (E.D.N.Y. Dec. 15, 2010) (dismissing claims against Suffolk County Police Dep't, Suffolk County District Attorney's Office, Suffolk County Sheriff's Dep't and Suffolk County Probation Dep't because these entities are not amenable to suit).

As a result, "Schenectady County Sheriff's" is dismissed as a defendant in this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

8

IV. **APPOINTMENT OF COUNSEL**

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, the Court must carefully consider a number of factors in ruling upon such a motion.

As the Second Circuit stated in *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986), "the district judge should first determine whether the indigent's position seems likely to be of substance." If the claim satisfies that threshold requirement, the court must then consider

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. at 61-62. None of these factors are controlling in any particular case. Rather, the court must decide each case on its own facts. *Id.* at 61.

At this early stage of the litigation, it is difficult to assess the likely merits of Gilmore's surviving claims. Moreover, there is nothing in the record which demonstrates that plaintiff is not able to effectively pursue this action at this time. While it is possible that there will be conflicting evidence implicating the need for cross-examination if this case proceeds to trial, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge,* 802 F.2d at 61). Further, if this case survives a dispositive motion filed by defendant, it is highly probable that trial counsel will be appointed at the final pretrial conference. Finally, there is no special

reason why appointment of counsel **at this time** would be more likely to lead to a just determination of this litigation. Accordingly, plaintiff's request for appointment of counsel (Dkt. No. 5) is denied without prejudice.

## V. INJUNCTIVE RELIEF

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).

A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

In this case, Gilmore seeks preliminary injunctive relief and the issuance of a temporary restraining order prohibiting defendants from "hindering inmates due process of law" and "denying access to the courts." Dkt. No. 6.

Upon review, Gilmore's request for injunctive relief must be denied. Injunctions directing a party to refrain from misconduct or other wrongdoing (often referred to as "obey the law injunctions") are generally disfavored by courts because they are vague, not readily enforceable, and would not subject defendants to any requirement not already imposed by law. *See Rowe v. New York State Div. of the Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012) (citing *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941)).

In addition, Gilmore has failed to demonstrate with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere

hypotheticals."). Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 6) is denied.

## VI. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's IFP Application (Dkt. No. 10) is **GRANTED**;[6]

2. The Clerk of the Court shall provide the superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's Inmate Authorization (Dkt. No. 11), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the statutory filing fee of $350 in installments, over time, pursuant to 28 U.S.C. § 1915;

3. The Clerk shall provide a copy of plaintiff's Inmate Authorization (Dkt. No. 11) to the Financial Deputy of the Clerk's Office;

4. Plaintiff's denial of access to the courts claims **SURVIVE** initial review and require a response from the individual defendants;

5. Plaintiff's remaining claims are **DISMISSED without prejudice for** failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1);

6. The Clerk shall terminate "Schenectady County Sheriff's" as a defendant in this action;

7. The Clerk is directed to add "Officer "Doe'" to the docket as a defendant;

8. The Clerk shall issue summonses and forward them to the U.S. Marshal for

---

[6] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

service of process upon Officer Smith, Sgt. Guido, Sgt. Gangurem, Sgt. Cellino, and Capt. Dean; the Clerk shall forward a copy of the summons and complaint by mail to the Office of the Schenectady County Attorney, together with a copy of this Decision and Order;

9.  A response to the complaint shall be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure;

10.  Plaintiff must take reasonable steps through discovery to ascertain the identity of Officer "Doe";

11.  Plaintiff's motion for appointment of counsel (Dkt. No. 5) is **DENIED without prejudice** to renew at a later stage of this proceeding;

12.  Plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 6) is **DENIED**;

13.  All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

14.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action;

15.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court;

16.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and

17.  The Clerk shall serve a copy of this Decision and Order on plaintiff.

13

IT IS SO ORDERED.

Dated: February 8, 2018
       Utica, New York.

_____
United States District Judge